# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATEENA BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 6933 |
| ) | |
| ILLINOIS BELL TELEPHONE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to stay the enforcement of this court's order and motion to stay these proceedings. For the reasons stated below, we deny both motions.

## BACKGROUND

Plaintiff Kateena Butler ("Butler") alleges that she was employed as a Consumer Advocate fielding telephone calls from customers, from October 1997 to August 2000, for Defendant Illinois Bell Telephone Company ("Illinois Bell"), a subsidiary of Defendant SBC Communications, Inc. ("SBC"). Butler alleges that she began working for Illinois Bell again in August 2001 and that SBC was the plan

1

administrator of the employee welfare plans for Illinois Bell employees ("Plans"). Butler claims that in December 2002, she was diagnosed with multiple sclerosis ("MS") and that over the next few months she informed her supervisors of her illness. Butler alleges that in January 2003, March 2003, and April 2003, she submitted medical documentation of her illness to the SBC Medical Absence and Accommodations Resource Team ("SMAART Unit") which was a third party administrator of the Plans.

According to Butler, she was granted leave on March 20, 2003, for medical reasons, but was denied protection under the Family Medical Leave Act ("FMLA") because she had allegedly missed too much work in the preceding twelve months. Butler alleges that she returned to work on March 25, 2003, but became ill again on April 9, 2003. Butler claims that on April 11, 2003, she called the SMAART Unit and asked for disability benefits under the Sickness and Accident Disability Benefit Plan ("SADBP") and was told that she had to wait seven days before her disability benefits would resume and she could apply for such benefits. Butler claims that on April 12, 2003, she left work because she was ill and that from April 14, 2003, to April 19, 2003, she called each day to the Illinois Bell attendance office ("Attendance Office"). According to Butler, the person she spoke with at the Attendance Office never told her that she was not eligible to take FMLA leave and, in fact, the records of the Attendance Office contain entries by Attendance Office personnel that show that Butler was on FMLA leave. Butler contends that she indicated each day that she was taking FMLA leave.

According to Butler, when she attempted to return to work on April 21, 2003, she was informed for the first time that she was not eligible to take FMLA leave, and was suspended for her absences from work. Butler claims that if she had been told she was not eligible for FMLA leave, she would not have attempted to return to work on April 21, 2003, and would have instead applied for disability benefits and received approval for disability leave. Butler states that she called the Attendance Office on April 22, 2003, and was told that she could not go back on disability benefits because she had been suspended. Defendants claim that she was not told that she was barred from applying for disability benefits because of her suspension. Defendants contend that she did not receive benefits because she did not apply in a timely manner. Butler alleges that on May 30, 2003, after a hearing with Illinois Bell management and a union representative, her employment was terminated without disability benefits for violations of Illinois Bell's attendance policy.

Butler subsequently brought the instant action and her complaint includes an estoppel claim under the FMLA, 29 U.S.C. § 2601 *et seq.*, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, (Count I), a breach of fiduciary duty claim under 29 U.S.C. § 1104 and 29 U.S.C. § 1132(a)(3) (Count II), a claim under 29 U.S.C. § 1132(a)(1)(B) ("Section 1132(a)(1)(B)") for an improper interpretation of the SADBP (Count III), and a claim under 29 U.S.C. § 1140 of ERISA for retaliation (Count IV).

On April 19, 2006, we denied Defendants' motion for summary judgment in its entirety and granted Butler's motion for summary judgment in part on her

estoppel claims that were based on the representations made by Attendance Office personnel that indicated that Butler was taking leave under the FMLA. In addition, on July 27, 2006, we partially granted Butler's motion for a judgment and entered an injunction order requiring Defendants to rescind Butler's suspension and termination and to provide her with the benefits due to her as if she had not been suspended and terminated. Defendants have since filed an interlocutory appeal of the court's rulings in this case and now request in the instant motion that the court stay the enforcement of the July 27, 2006 order and stay these proceedings until the appeal is resolved.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 62(c) when a party brings an appeal challenging an interlocutory judgment "granting . . . an injunction," a court "in its discretion may . . . suspend" the injunction "during the pendency of the appeal . . . . " Fed. R. Civ. P. 62(c). A party seeking to stay the enforcement of such an order is required to show that: 1) "it has a significant probability of success on the merits," 2) "it will face irreparable harm absent a stay," and 3) "a stay will not injure the opposing party and will be in the public interest." *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006)(citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

**DISCUSSION**

I. Motion to Stay the Enforcement of the Order

Defendants move to stay the enforcement of the July 27, 2006 order ("Order")

until the resolution of the appeal.

### A. Likelihood of Success on Appeal

Defendants argue that they have a strong likelihood of success on the merits on appeal, contending that "there are numerous grounds for reversing the Court's partial summary judgment ruling and resulting injunction." (Mot. Ord. 3). However, Defendants cannot show a likelihood of success on appeal merely by pointing to the sheer number of arguments that they have come up with for their appellate brief. In order for Defendants to meet their burden in this court, Defendants must show that at least one of their "numerous" arguments have any merit, and Defendants have failed to do so.

Defendants also argue that the court's April 19, 2006 ruling, granting in part Butler's motion for summary judgment, will be overturned on appeal because we relied upon *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579 (7th Cir. 2000) in our ruling. In our ruling we cited *Dormeyer* as the legal framework for an estoppel claim in the FMLA context. (4/19/06 OP 19). Defendants contend that the law cited from *Dormeyer* was *dicta* and argue that we should have followed other case law and required Butler to show that the alleged misrepresentations made to her adversely affected her right to FMLA leave. However, Defendants have not cited any controlling authority that supports their legal position. Defendants have thus failed to show that the court made any error in citing *Dormeyer* as the legal framework for an estoppel claim in the FMLA context and, therefore, Defendants have failed to

show that they have a likelihood of success on appeal.

B. Harm Absent a Stay

Defendants contend that they will be harmed if the court does not stay the enforcement of the Order because they will be denied "any meaningful appellate review." (Mot. Ord. 5). The Order requires Defendants to treat Butler as if she had not been suspended or fired and provide her with any disability benefits that she is entitled to receive. Defendants contend that they will be harmed if they are forced to provide Butler with benefits prior to the resolution of the appeal because, if Defendants prevail on appeal, they will need to recover the funds already given to Butler. We do not agree that such facts show that Defendants will suffer any real harm. Defendants themselves acknowledge that they have a legal mechanism by which they can recover any funds from Butler if Defendants prevail on appeal. (Mot. Ord. 5). It is a natural part of our appeal system that if rulings are overturned on appeal, the victor will need to take steps to undo the effects of the lower court's rulings, including the recoupment of funds. If the mere possible inconvenience of such steps to a prevailing appellant is sufficient to warrant a stay in an action, every district court judgment would need to be stayed until the appeal is resolved, but that is not the case. Thus, Defendants have not shown that they would be harmed absent a stay. Butler prevailed in part before this court and Defendants must abide by this court's ruling and the Order.

### C. Harm to Butler and Public Interest

Defendants argue that a stay of the Order will not "substantially injure Butler." (Mot. Ord. 6). However, Butler explains that she would be drastically harmed if the Order was stayed because of her ailing health and immediate need for disability benefits. We agree that Butler has shown that she would be substantially harmed if we were to stay the Order. Butler has raised legitimate concerns about her health and concerns relating to whether she will need the disability benefits before the appeal could be resolved.

The public interest is also promoted by refusing to stay the Order. Litigants are entitled to finality in an action and to the extent that Butler has prevailed in part in this court, she is entitled to the remedy for those claims. The public interest is also promoted by ensuring that ailing members of the public, such as Butler, get disability benefits when needed. Neither justice nor the public interest will be served if Butler's health suffers during the pendency of the legal process in this case. Defendants also argue in a conclusory manner that Butler has already received all benefits owed to her. Even if that is true, that would mean that the Order should not cause any hardship to Defendants which would be further justification for denying the motion to stay. Also, even if Butler has already received benefits, there is every reason to maintain the Order to ensure that Butler continues to receive benefits that may become available to her. Finally, Defendants argue that Butler does not intend to seek any more relief at trial than the benefits Butler has already received. Defendants contend that the trial would thus serve no purpose. However, Butler is

able under the law to receive relief other than merely the restoration of benefits on the remaining claims that proceed to trial.  For example, Butler can seek damages as a form of relief.  Butler has not made it clear in the record that she does not intend to seek further relief on any of her claims aside from the benefits that have already been awarded.  Therefore, based on all of the above, we deny the motion to stay the enforcement of the Order.

II. Motion to Stay Proceedings

Defendants also request that the court stay these proceedings until their appeal is resolved.  Defendants contend that the stay will avoid the wasting of the parties' resources and the court's resources that will be expended dealing with issues that will be moot after the appellate court's ruling in this case.  However, Defendants have not shown it likely that such resources will be wasted.  Judicial economy will be better served if the instant action proceeds onward to finality rather than remaining inactive, languishing on the court docket without any resolution.  As indicated above, Defendants have not shown that there is a likelihood that they will prevail on appeal.  The facts in this case indicate that Defendants will suffer no real harm if this case proceeds onward and show that Butler faces substantial harm if these proceedings were stayed.  The public interest will also clearly be served if Butler is given her day in court in an expeditious and timely fashion rather than allowing the case to stagnate and allowing Defendants to further postpone any benefits due to Butler.  Therefore, we deny the motion to stay the proceedings.

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' motion to stay the enforcement of the Order and deny Defendants' motion to stay these proceedings.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   October 3, 2006